1      IN THE UNITED STATES DISTRICT COURT

2      FOR THE NORTHERN DISTRICT OF OKLAHOMA

3

4  UNITED STATES OF AMERICA,    )
                                )
5                               )
                                )
6              Plaintiff,       )
                                )
7  vs.                          )        CASE NO. 18-CR-183-JED
                                )
8                               )
   TREVEON MONTRELL VAUGHN,     )
9                               )
                                )
10             Defendant.       )

11

12

13

                    TRANSCRIPT OF PROCEEDINGS
14                     NOVEMBER 6, 2018
        BEFORE THE HONORABLE JOHN E. DOWDELL, DISTRICT JUDGE
15                   CHANGE-OF-PLEA HEARING

16

17
   APPEARANCES:
18

19

   For the Plaintiff:              MR. RYAN ROBERTS
20                                 U.S. Attorney's Office
                                   110 W. 7th St., Ste 300
21                                 Tulsa, OK 74119

22  For the Defendant:             MR. KEITH WARD
                                   Keith A. Ward, PLLC
23                                 1874 S. Boulder Ave.
                                   Tulsa, OK 74119

24

25

# PROCEEDINGS

NOVEMBER 6, 2018:

THE DEPUTY COURT CLERK:  This is case 18-CR-183-JED, USA v. Treveon Montrell Vaughn.

    Counsel, enter your appearance for the record, please.

MR. ROBERTS:  Ryan Roberts on behalf of the United States, Your Honor.

THE COURT:  Mr. Roberts, good to see you.

MR. WARD:  Keith Ward for Mr. Vaughn.

THE COURT:  Mr. Ward.  All right.  Do counsel agree that this is a time for a change of plea?

MR. ROBERTS:  Yes, Your Honor.

MR. WARD:  That's correct, Your Honor.

THE COURT:  Why don't you come up.  And Mr. Vaughn as well.

    Mr. Ward, I understand Mr. Vaughn wants to petition the court to enter a plea of guilty pursuant to a written plea agreement; is that correct?

MR. WARD:  That's correct, Your Honor.

THE COURT:  Does the plea agreement represent the best offer made to the defendant?

MR. WARD:  Yes, sir.

THE COURT:  And, Mr. Vaughn, before I accept your plea of guilty, I need to be sure that you are fully informed of your rights and you understand those rights and the nature

1   of this proceeding.

2       I'm going to ask you a series of questions and tell you

3   about certain of those rights.  If you don't understand one of

4   my questions or any statement I make, please tell me and I will

5   stop and make it clear.  And at any time during our colloquy

6   here today if you want to visit with your counsel and step

7   aside, you may do so, all right?

8           THE DEFENDANT:  Yes.

9           THE COURT:  All right.  Ms. Lyles, will you

10  administer the oath.

11      (DEFENDANT SWORN.)

12          THE COURT:  Mr. Vaughn, do you understand that you're

13  now under oath, and if you answer any of my questions falsely,

14  your answers may later be used against you in another

15  prosecution for perjury or making a false statement?  Do you

16  understand that you have the right to remain silent and not to

17  answer any of my questions?

18          THE DEFENDANT:  Yes.

19          THE COURT:  And do you give up that right at this

20  time?

21          THE DEFENDANT:  Yes.

22          THE COURT:  What is your true and correct full legal

23  name?

24          THE DEFENDANT:  Treveon Montrell Vaughn.

25          THE COURT:  Are you or have you ever been known by

1   any other names?

2          THE DEFENDANT:  No.

3          THE COURT:  How old are you?

4          THE DEFENDANT:  Twenty-seven.

5          THE COURT:  And tell me your birth date.

6          THE DEFENDANT:  July 11, 1991.

7          THE COURT:  Tell me about your formal education.

8          THE DEFENDANT:  Last grade I completed is eleventh.

9          THE COURT:  Eleventh grade?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Where?

12         THE DEFENDANT:  I want to say it was Central, but the

13  last school I attended was Owasso.

14         THE COURT:  Okay.  I take it you have the ability to

15  read, write, and understand English?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Have you been treated recently for any

18  mental illness or addiction to narcotics of any kind?

19         THE DEFENDANT:  No.

20         THE COURT:  Are you currently under the influence of

21  any drug, medication, or alcoholic beverage of any kind?

22         THE DEFENDANT:  No.

23         THE COURT:  Have you had any drugs, medication, or

24  alcohol within the last three days?

25         THE DEFENDANT:  No.

 1          THE COURT:  Do you suffer from any mental condition

 2    or disability that would prevent you from fully understanding

 3    the charges against you or the consequences of your guilty

 4    plea?

 5          THE DEFENDANT:  No.

 6          THE COURT:  All right.  Mr. Ward, have you talked to

 7    your client today and previously about these proceedings?

 8          MR. WARD:  Yes, sir, I have.

 9          THE COURT:  And do you have any reason to believe

10    that he should not go forward with this plea today?

11          MR. WARD:  No, Your Honor.

12          THE COURT:  And do you believe he's in possession of

13    his faculties and is competent to proceed?

14          MR. WARD:  Yes, sir.

15          THE COURT:  Based on the statements of the defendant

16    and his counsel and my observations, I find the defendant is in

17    full possession of his faculties and is competent to proceed.

18       Mr. Vaughn, I'm going to talk to you now about your waiver

19    of constitutional rights, some of those rights and jury trial

20    issues.

21       Have you received a copy of the indictment, which is the

22    written statement of the charges against you?

23          THE DEFENDANT:  Yes.

24          THE COURT:  That is one of your constitutional

25    rights.  There are more.  You have the right to have the

1  indictment read to you here.  Would you like me to read it to

2  you or do you wish to give up and waive that right?

3          THE DEFENDANT:  I'll just waive it.

4          THE COURT:  You also have the following

5  constitutional rights that will be -- that you will be giving

6  up if you plead guilty.

7      You have the right to plead not guilty to any offense

8  charged against you and to persist in that plea.

9      You have the right to a speedy and public trial.

10     You have the right to a trial by a jury.  At trial you

11 would be presumed to be innocent and the government would have

12 to prove your guilt by proving each element of the charge

13 beyond a reasonable doubt.

14     To convict you at a jury trial, all 12 of the jury members

15 would have to agree unanimously that you are guilty.

16     If both you and the government give up the right to a jury

17 trial, you have the right to be tried by the court.

18     You have the right to the assistance of counsel for your

19 defense throughout the proceedings.  If you cannot afford

20 counsel, the court will appoint counsel for you free of charge

21 to assist you at trial and at every other stage of the

22 proceedings.

23     You have the right to confront and cross-examine the

24 witnesses against you, that is, to see and hear all the

25 witnesses and have them questioned by your own counsel.

1    You have the right to have witnesses subpoenaed and

2 compelled to testify on your own behalf.

3    You have the right to testify and present evidence on your

4 own behalf.

5    You have the privilege against self-incrimination, that

6 is, you have the right not to testify or incriminate yourself

7 in any way.  If you went to trial and decided not to testify,

8 that fact could not be used against you.  By pleading guilty,

9 you are giving up that right and you are incriminating

10 yourself.  Do you understand that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  All right.  If you plead guilty, the

13 court will ask you questions about the offense to which you are

14 pleading.  And if you answer those questions under oath, on the

15 record, and in the presence of counsel, your answers may later

16 be used against you in a prosecution for perjury or making a

17 false statement.  Do you understand that?

18          THE DEFENDANT:  Yes.

19          THE COURT:  If you were to go to trial, you would be

20 entitled to have a jury determine beyond a reasonable doubt any

21 facts which may increase the maximum sentence and/or any

22 mandatory minimum sentence that may apply.  Do you understand

23 that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  All right.  And has your lawyer advised

1 you of all these rights?

2      THE DEFENDANT:  Yes.

3      THE COURT:  And do you understand all of them?

4      THE DEFENDANT:  Yes.

5      THE COURT:  Do you understand that if your plea is

6 accepted by this court, you will be incriminating yourself and

7 you will have waived or given up your right to a trial and all

8 of the other rights I just described?

9      THE DEFENDANT:  Yes.

10      THE COURT:  Do you waive and give up all of those

11 rights at this time?

12      THE DEFENDANT:  Yes.

13      THE COURT:  The clerk will place before you a form

14 entitled Waiver of Jury.  Please consult with your attorney

15 about your right to a jury and read the written waiver form.

16 If you do not wish to waive your right to a jury trial, do not

17 sign the waiver form.  However, if you do desire to voluntarily

18 give up your right to a jury in all respects, both as to the

19 determination of guilt or innocence and as to sentencing,

20 please sign the waiver form.

21    Mr. Ward, are you satisfied that this waiver is knowingly,

22 voluntarily, and intelligently made?

23      MR. WARD:  Yes, Your Honor.

24      THE COURT:  The court accepts and approves the Waiver

25 of Jury.

1     Mr. Vaughn, I'm going to talk to you now about the

2 charges.

3     Mr. Vaughn, you have been charged with several felonies.

4 The plea agreement references Counts 1, 3, 5, 7, 9 and 11.

5     For each of Counts 1, 3, 5, 7, 9, and 11, which charge

6 robberies under the Hobbs Act, Title 18 of the United States

7 Code, Section 1951, at trial the government would be required

8 to prove the following elements beyond a reasonable doubt:

9     (1) That you obtained property from another without that

10 person's consent;

11     (2) That you did so by wrongful use of actual or

12 threatened force, violence or fear; and

13     (3) As a result of your actions, interstate commerce or an

14 item moving in interstate commerce was actually or potentially

15 delayed, obstructed, or affected in any way or degree.

16     For Count 2, which charges that you carried, used, and

17 brandished a firearm during a crime of violence, in violation

18 of Title 18 of the United States Code, Section

19 924(c)(1)(A)(ii), at trial the government would be required to

20 prove the following elements beyond a reasonable doubt:

21     (1) That you knowingly possessed, brandished, or

22 discharged a firearm;

23     (2) That during and in relation to, or in furtherance of a

24 crime of violence; and

25     (3) Before you possessed the firearm, it had moved at some

1  time from one state to another.

2      For Count 4, which charges that you carried, used, and

3  brandished a firearm during a crime of violence for a second or

4  subsequent crime, in violation of Title 18 of the United States

5  Code, Section 924(c)(1)(C)(i), at trial the government would be

6  required to prove the following elements beyond a reasonable

7  doubt:

8      (1) That you knowingly possessed, brandished, or

9  discharged a firearm;

10      (2) During and in relation to, or in furtherance of a

11  crime of violence;

12      (3) A second or subsequent time; and

13      (4) Before you possessed the firearm, it had moved at some

14  time from one state to another.

15      Do you understand the nature of the charges?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And have you discussed the charges and

18  the elements of the charges thoroughly with Mr. Ward?

19          THE DEFENDANT:  Yes.

20          THE COURT:  All right.  Do you understand that, if

21  you enter a plea of guilty, the court will sentence you to a

22  term of imprisonment and may impose a monetary fine or both

23  such imprisonment and fine?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Do you understand that Counts 1, 3, 5, 7,

1  9, and 11 each carry a maximum sentence of 20 years

2  imprisonment and a fine of not more than $250,000?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you understand that a conviction on

5  Count 2 requires the imposition of a mandatory minimum

6  statutory sentence of not less than seven years imprisonment

7  and a fine of not more than $250,000?

8          THE DEFENDANT:  Yes.

9          THE COURT:  And do you understand that a conviction

10  on Count 4 requires the imposition of a mandatory minimum

11  statutory sentence of 25 years imprisonment up to a maximum

12  sentence of life imprisonment and a fine up to $250,000?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And do you understand that when combined,

15  convictions on Counts 2 and 4, carry a total mandatory minimum

16  sentence of 32 years imprisonment?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Do you understand that you are not

19  eligible for a probationary sentence?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you also understand that, in addition

22  to any sentence this court may impose requiring imprisonment or

23  the payment of a fine or both, the court must also impose a

24  special monetary assessment of $100 to be deposited into the

25  Special Crime Victims Fund in the United States Treasury?  Do

1   you understand that?

2           THE DEFENDANT:  Yes.

3           THE COURT:  And do you understand that the court may

4   impose a term of supervised release after imprisonment of not

5   more than five years?

6           THE DEFENDANT:  Yes.

7           THE COURT:  And do you also understand that, if you

8   violate the conditions of any supervised release, you could be

9   given additional time in prison which, combined with time

10  already served, might exceed the statutory maximum imprisonment

11  of the original offense?

12          THE DEFENDANT:  Yes.

13          THE COURT:  And do you understand that if you are

14  presently on parole, probation, or supervised release, this

15  plea alone may be the basis for revocation of that parole,

16  probation, or supervised release and, as a result, you may be

17  returned to prison on that other case?

18          THE DEFENDANT:  Yes.

19          THE COURT:  All right.  Mr. Vaughn, pages 5 to 6 of

20  the plea agreement refer to restitution.  Do you understand

21  that the court will order you to pay restitution for the full

22  loss caused by your conduct and that you are agreeing to the

23  entry of such a restitution order?

24          THE DEFENDANT:  Yes.

25          THE COURT:  The plea agreement identifies five

1  victims to whom you may be ordered to pay restitution.  Do you

2  understand those terms of the agreement?

3         THE DEFENDANT:  Yes.

4         THE COURT:  At pages 6 and 7, the plea agreement

5  provides for forfeiture of a firearm and ammunition.  Do you

6  understand that forfeiture is part of the sentence that will be

7  imposed in this case, and do you understand that the agreement

8  provides that you waive any constitutional and statutory

9  challenges to such forfeiture?

10        THE DEFENDANT:  Yes.

11        THE COURT:  Do you understand that if you are not a

12 citizen of the United States, this plea and conviction may

13 cause you to be deported or removed from the United States and

14 may result in denial of naturalization, or citizenship,

15 amnesty, residency status, and admission to the United States

16 in the future?

17        THE DEFENDANT:  Yes.

18        THE COURT:  Do you also understand -- you are

19 pleading to a felony offense.  If your plea is accepted, I will

20 find you guilty.  That may deprive you of valuable civil

21 rights, such as the right to vote, the right to serve on a

22 jury, and the right to possess a firearm of any kind.  Do you

23 understand that?

24        THE DEFENDANT:  Yes.

25        THE COURT:  All right.  Mr. Vaughn, you and the

1  government have entered into what we sometimes call a binding

2  plea agreement.  In the agreement you and the government have

3  agreed to a specific sentence or a specific sentencing range.

4  As provided in the plea agreement, you and the government have

5  stipulated that the appropriate disposition in this case is a

6  sentence of 35 years; is that correct?

7           THE DEFENDANT:  Yes.

8           THE COURT:  You and the government have also

9  stipulated that you may withdraw your plea of guilty in the

10  event that the court rejects the plea agreement.

11       Do you understand that the court is not bound by the terms

12  of the agreement until and unless the court accepts the

13  agreement?

14       Do you understand that if I choose to reject the terms of

15  the plea agreement after reviewing the presentence report, I

16  will give you the opportunity to withdraw your plea of guilty?

17           THE DEFENDANT:  Yes.

18           THE COURT:  The plea agreement provides that if the

19  court accepts your guilty pleas and finds them to be freely and

20  voluntarily made, the government will move at the appropriate

21  time to dismiss the remaining counts against you.

22       Do you understand that the agreement also provides that,

23  if you withdraw your guilty pleas or they are otherwise

24  rejected, the government will be free to prosecute you for all

25  charges of which it then has knowledge, and any charges that

1 have been dismissed as of that time will be reinstated or may

2 be re-presented to a grand jury?  Do you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you understand the possible

5 consequences of your plea, including the maximum sentence you

6 can receive, the mandatory minimum sentences, the fines, the

7 special assessment, supervised release, and all the other terms

8 and possible consequences I've described?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand that parole has been

11 abolished in the federal system, and if you are sentenced to

12 prison, you will not be released on parole?

13          THE DEFENDANT:  Yes.

14          THE COURT:  At this time I'm going to ask Mr. Roberts

15 to summarize the other terms of the plea agreement.

16      Mr. Roberts.

17          MR. ROBERTS:  Yes, sir.  Your Honor, when a grand

18 jury returned an indictment on Mr. Vaughn, September 4, he was

19 facing 132 years mandatory minimum time for his conduct.

20 Pursuant to his timeliness of his cooperation and his

21 truthfulness, we believe that an 11(c)(1)(C) is an appropriate

22 disposition.  And we would be willing to dismiss the counts

23 that the court spoke of at sentencing.

24      Counsel for the government and for Mr. Vaughn agree that a

25 sentence of 35 years or 420 months is appropriate.  It departs

1 from the anticipated guideline calculation, but we request that

2 he receive a sentence of ten years on Count 2, and the minimum

3 sentence of 25 years in Count 4, and those counts would run

4 consecutive, and the defendant would receive zero months on

5 Counts 1, 3, 5, 7, 9, and 11, and to run consecutive with

6 Counts 2 and 4.

7     As the court has already gone over with Mr. Vaughn,

8 restitution in this case is applicable with amounts to be

9 determined at sentencing. And there is a forfeiture as well on

10 the firearm and ammunition that was found in his possession.

11     THE COURT: All right. Tell me again, Count 2 was

12 ten years.

13     MR. ROBERTS: Yes, sir.

14     THE COURT: And Count 4 is 25.

15     MR. ROBERTS: The mandatory minimum of 25, yes, sir.

16     THE COURT: All right.

17     MR. ROBERTS: So a total of 35.

18     THE COURT: Right.

19     MR. ROBERTS: And victims have been apprised of this

20 and are in agreement as well as law enforcement.

21     THE COURT: All right. Mr. Vaughn, do you agree with

22 that summary of the terms of the agreement?

23     THE DEFENDANT: Yes.

24     THE COURT: And did you have an opportunity to read

25 the plea agreement before you signed it?

1          THE DEFENDANT:  Yes.

2          THE COURT:  And do you understand the terms of the

3    agreement?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And have you discussed those terms

6    thoroughly with Mr. Ward?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And are the terms of the agreement the

9    entire understanding that you have with the government?

10         THE DEFENDANT:  Yes.

11         THE COURT:  And has anyone made any promises,

12   representations, or guarantees of any kind to you in order to

13   get you to plead guilty in this case?

14         THE DEFENDANT:  No.

15         THE COURT:  Has anyone attempted in any way to

16   threaten you or your family or anyone close to you or to force

17   you to plead guilty in this case?

18         THE DEFENDANT:  No.

19         THE COURT:  All right.  Are you pleading guilty

20   voluntarily and of your own free will?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Do you understand that by entering into

23   this plea agreement and entering a plea of guilty, you will

24   have given up or limited your right to appeal your conviction

25   and your right to appeal or collaterally attack all or part of

1  your sentence pursuant to the terms in your plea agreement?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Mr. Ward, did you discuss the terms of

4  the plea agreement with Mr. Vaughn?

5           MR. WARD:  Yes, Your Honor.

6           THE COURT:  And does the agreement represent the

7  entire agreement between your client and the government?

8           MR. WARD:  Yes, sir, it does.

9           THE COURT:  Did you review with your client the facts

10 of the case and the potential defenses your client might have?

11          MR. WARD:  Yes, Your Honor.

12          THE COURT:  And do you believe your client is

13 entering into this plea agreement freely and voluntarily with

14 full knowledge of the charges and the consequences of the plea?

15          MR. WARD:  Yes, Your Honor.

16          THE COURT:  Do you know of any reason why this court

17 should not accept Mr. Vaughn's plea?

18          MR. WARD:  No, Your Honor.

19          THE COURT:  All right.  Mr. Roberts, other than what

20 is set forth in the plea agreement or stated here in open

21 court, has the government made any promises, representations,

22 or guarantees either to the defendant or defense counsel?

23          MR. ROBERTS:  No, sir.

24          THE COURT:  All right.  Mr. Vaughn, are you satisfied

25 with the representation that Mr. Ward has provided to you?

1          THE DEFENDANT:  Yes.

2          THE COURT:  And do you believe that he has fully

3     considered any defense you may have to the charges?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Do you believe he has fully advised you

6     concerning this matter?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And have you had enough time to discuss

9     this matter with Mr. Ward?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And do you understand the consequences to

12     you of this plea?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Do you know of any reason why the court

15     should not accept your plea of guilty?

16          THE DEFENDANT:  No.

17          THE COURT:  All right.  Mr. Vaughn, I'm going to ask

18     you to listen carefully because I'm going to ask the prosecutor

19     to state the facts that the government would be prepared to

20     prove at trial and then I'm going to ask you some questions

21     after that, all right?

22          THE DEFENDANT:  Okay.

23          THE COURT:  Mr. Roberts, please describe what the

24     government is prepared to prove at trial to establish the

25     factual basis of the charges.

1    MR. ROBERTS:  Your Honor, the facts would show that

2  there were multiple robberies committed by Mr. Vaughn, they

3  were all armed, and they all occurred in the Northern District

4  of Oklahoma.

5    Specifically, on June 24th of 2018, a robbery occurred at

6  a Dollar General located at 2811 North Peoria Avenue in Tulsa.

7  Mr. Vaughn entered there wearing a mask armed with a gun.  He

8  threatened the employees and the people who were in the store

9  and took money and property from the store.

10    On July 2nd of 2018, he entered a Daylight Donuts located

11  at 560 North 28th West Avenue in Tulsa, Oklahoma.  Again he was

12  armed with a gun and wearing a mask.  He threatened the

13  employees and took cash from the store.

14    Three robberies occurred on August 10th.  The first one

15  occurred at the Daylight Donuts located at 4401 South Memorial

16  Drive in Tulsa; the second one occurred at Brown's Donut Shop

17  located at 1348 North Yale Avenue in Tulsa; and the third one

18  occurred at Daylight Donuts located at 560 North 28th West

19  Avenue in Tulsa.

20    The first one that he entered into, he had a mask and a

21  gun and had two other accomplices with him.  He threatened the

22  people there in the store again and took money.

23    On the second one at Brown's Donut Shop, he again entered

24  the store with the mask, brandished a weapon, but this time the

25  proprietor of the store, Mr. Brown, attempted to follow him and

chased him out of the store wherein Mr. Vaughn fired a shot at him.  TPD -- Tulsa Police Department's forensics located a bullet hole right where Mr. Brown said he was shot at.  No one was hurt.

The third one occurred on August 10th at the Daylight Donuts at 560 North 28th in Tulsa.  And again he -- after shooting at Mr. Brown, he went and conducted a third robbery on that same date and took money and cash from the proprietor of the store and any patrons.

Finally, on August 17th of 2018, a week later, he entered the Dollar General store located at 3932 East Admiral Place in Tulsa wearing a mask and armed with a gun.  Again he threatened employees and took money.  Police responded before he could leave and he was apprehended without incident at that time.

THE COURT:  All right.  Mr. Vaughn, do you understand what Mr. Roberts just said?

THE DEFENDANT:  Yes.

THE COURT:  And is everything he said about you and about your conduct and intent true and correct?

THE DEFENDANT:  Yes.

THE COURT:  Are you pleading guilty because you did the acts charged in the indictment?

THE DEFENDANT:  Yes.

THE COURT:  Are you pleading guilty because you are guilty?

1          THE DEFENDANT:  Yes.

2          THE COURT:  In your own words, Mr. Vaughn, would you

3   tell me what you did.

4          MR. WARD:  Your Honor, if I may interject.  I'm going

5   to put before him his petition to plead guilty because there

6   are so many counts that I'm sure he will omit some things that

7   it has to do with just on his own.  And with the court's

8   permission, he'll just read what's in the petition to plead

9   guilty.

10         THE COURT:  I don't have a problem with that.  That's

11  fine.

12         THE DEFENDANT:  On June 24th, 2018, I entered the

13  Dollar General located on 2811 North Peoria Avenue in Tulsa,

14  Oklahoma wearing a mask and armed with a gun.  Threatened

15  employees and took money from the store.

16     On July 2nd, 2018, I entered a Daylight Donuts located on

17  560 North 28th West Avenue in Tulsa, Oklahoma wearing a mask,

18  armed with a gun.  Threatened employees and took money from the

19  store.

20     On August 10th, 2018, I entered the Daylight Donuts

21  located on 4401 South Memorial Drive in Tulsa, Oklahoma wearing

22  a mask armed with a gun.  Threatened employees and took money

23  from the store.

24     On August 10th, 2018, I entered Brown's Donut Shop located

25  at 1348 North Yale Avenue in Tulsa, Oklahoma wearing a mask,

1  armed with a gun.  Threatened employees, took money from the

2  store.  The store owner tempted to follow me and I fired a shot

3  hitting his car.

4       On August 10th, 2018, I entered the Daylight Donuts

5  located on 560 North 28th West Avenue in Tulsa, Oklahoma

6  wearing a mask, armed with a gun.  Threatened the employees and

7  took money from the store.

8       On August 17th, 2018, I entered Dollar General located on

9  3932 East Admiral place in Tulsa, Oklahoma wearing a mask,

10  armed with a gun.  Threatened employees and took money from the

11  store.

12       I acknowledge and stipulate that I -- that I by committing

13  the robberies mentioned above, and actions delayed, obstructed,

14  and affected interstate commerce.  Further, all of the

15  robberies occurred in the Northern District of Oklahoma, and

16  the firearm I possessed, used, and/or brandished during the

17  robberies were in relation to the crime of violence.  And the

18  robbery referred to in Count 7, the firearm was discharged.

19          THE COURT:  Thank you.  Is the government satisfied

20  with the factual basis for the pleas?

21          MR. ROBERTS:  Yes, Your Honor.

22          THE COURT:  And do counsel agree that the court has

23  complied with the requirements of Rule 11?

24          MR. ROBERTS:  Yes, sir.

25          MR. WARD:  Yes, Your Honor.

```
 1                THE COURT:  All right.  Mr. Vaughn, how do you plead
 2   to Count 1 of the indictment?
 3                THE DEFENDANT:  Guilty.
 4                THE COURT:  How do you plead to Count 2 of the
 5   indictment?
 6                THE DEFENDANT:  Guilty.
 7                THE COURT:  How do you plead to Count 3 of the
 8   indictment?
 9                THE DEFENDANT:  Guilty.
10                THE COURT:  How do you plead to Count 4 of the
11   indictment?
12                THE DEFENDANT:  Guilty.
13                THE COURT:  How do you plead to Count 5 of the
14   indictment?
15                THE DEFENDANT:  Guilty.
16                THE COURT:  How do you plead to Count 7 of the
17   indictment?
18                THE DEFENDANT:  Guilty.
19                THE COURT:  How do you plead to Count 9 of the
20   indictment?
21                THE DEFENDANT:  Guilty.
22                THE COURT:  And how do you plead to Count 11 of the
23   indictment?
24                THE DEFENDANT:  Guilty.
25                THE COURT:  The court having questioned the defendant
```

1  and his counsel on the offer of his pleas of guilty to Counts

2  1, 2, 3, 4, 5, 7, 9, and 11 of the indictment; the defendant

3  and his counsel having advised the court that they have

4  conferred concerning the offered pleas of guilty and all

5  aspects of the charges against the defendant and any defenses

6  he may have; and the court having observed the defendant's

7  intelligence, demeanor, and attitude while answering questions;

8  and the court having observed that the defendant does not

9  appear to be under the influence of any medicine, drug, or

10 other substance or factor that might affect his actions or

11 judgment in any manner, the court finds that the defendant is

12 fully competent and capable of entering informed pleas, and

13 that the defendant is aware of the nature of the charges and

14 the consequences of the pleas.

15      The court further finds that the pleas of guilty are

16 knowingly, voluntarily, and intelligently made with a full

17 understanding of the nature of the charges, the consequences of

18 the pleas, and the defendant's constitutional rights.

19      The court further finds that the pleas are supported by an

20 independent factual basis containing each of the essential

21 elements of the offenses.  The court therefore accepts the

22 guilty pleas and orders that the pleas be entered, and the

23 defendant is now adjudged guilty of the offenses charged in

24 Counts 1, 2, 3, 4, 5, 7, 9, and 11 of the indictment.

25      The court will defer its decision concerning the plea

1  agreement until it has reviewed the presentence report.

2     If you would tender to the court the plea agreement and

3  petition and sign and initial it as necessary.

4     The plea agreement and the petition to enter plea of

5  guilty and order entering plea are in good shape.

6     A written presentence report will be prepared by the

7  probation office to assist the court in sentencing.

8     You'll be asked to give information for that report.  And

9  Mr. Ward may be present if you wish.  Both of you will be able

10 to read the report and file objections before the sentencing

11 hearing.  And you and Mr. Ward will be able to speak on your

12 behalf at that hearing.  And you may consult with Mr. Ward

13 throughout the process so that he can answer any questions you

14 may have.

15    The defendant is referred to the probation office for a

16 presentence report.  And any victims of the offenses shall be

17 afforded an opportunity to be heard at the sentencing hearing.

18    The defendant is remanded to the custody of the United

19 States Marshal.  The sentencing date will be February 11, 2019

20 at 10:30 a.m.

21    Anything from the government?

22        MR. ROBERTS:  No, Your Honor.

23        THE COURT:  Mr. Ward?

24        MR. WARD:  Nothing else on our behalf.

25        THE COURT:  All right.  Mr. Vaughn, I'll see you in a

1    few months.

2        We'll be adjourned.

3        (PROCEEDINGS CONCLUDED.)

4                        REPORTER'S CERTIFICATE

5    I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

6    TRANSCRIPT OF THE PROCEEDINGS IN THE ABOVE-ENTITLED

7    MATTER.

8

9                            S/Terri Beeler
                             Terri Beeler, RMR,FCRR
10                           United States Court Reporter
                             333 W. 4th Street
11                           Tulsa, OK 74103
                             (918)699-4877
12                           terri_beeler@oknd.uscourts.gov

13

14

15

16

17

18

19

20

21

22

23

24

25